UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA H., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:23-cv-00117-JDL |
| ) | |
| KILO KIJAKAZI, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant ) | |

## REPORT AND RECOMMENDED DECISION

Plaintiff seeks judicial review of Defendant Social Security Administration Commissioner's determination that Plaintiff was not entitled to disability insurance benefits under Title II of the Social Security Act. Plaintiff's sole argument is that the Administrative Law Judge (ALJ) erred when he declined to consider vocational evidence that Plaintiff filed after the administrative hearing but before the ALJ issued his decision.[1]

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.[2]

## FACTUAL BACKGROUND

At the administrative hearing, the ALJ called a vocational expert to testify as to whether jobs exist in the national economy for a person of Plaintiff's age, education, work

---

[1] In her written brief, Plaintiff also argued that the ALJ impermissibly substituted his lay medical opinion for the opinions of the medical experts. At oral argument, Plaintiff waived the argument.

[2] Defendant's final decision is the ALJ's January 5, 2022, decision issued following the November 18, 2021, administrative hearing. (ALJ Decision, ECF No. 6-2.)

experience, and residual functional capacity. Based on the vocational expert's testimony, the ALJ concluded that Plaintiff had the ability to perform work that exists in significant numbers in the national economy and found that Plaintiff was not disabled. (R. 21.)

At the conclusion of the hearing, the ALJ and Plaintiff's counsel engaged in the following colloquy:

> ALJ: Anything further before I close the record?
>
> Attorney: Yes, Your Honor, I want to confirm if I wish to submit something post hearing could I have one week to do so?
>
> ALJ: Yes, I will give you that one week. And just for the record I have to say the following. If I don't receive it by that deadline I will issue a decision without considering anything filed after that date unless good cause is shown for the failure to meet the deadline. Obviously, as I have repeatedly said, I just want to put this on the record as well, that if you anticipate filing something and find that you do need more than a week, certainly be in touch with us. We will give you additional time. Ms. H[], your Counsel is going to file something within the next week, or possibly that will be extended. After that filing comes in or the deadline runs, I will get a decision out to you as soon as I can. Hopefully it won't be more than three or four weeks from the time that the filing comes in.

(R. 80-81.)

The hearing began and concluded on November 18, 2021. On December 17, 2021, Plaintiff's counsel filed a declaration and resume of a vocational expert. (R. 41-47.) In his declaration, the expert (David Meuse) essentially opined that a person with Plaintiff's limitations could not perform the available jobs identified by the vocational expert who testified at the hearing. The ALJ, citing 20 C.F.R. 404.935(b) and 416.1435(b), and noting that the evidence was filed after the one-week deadline he established in accordance with HALLEX I-2-7-20 for post-hearing filings, declined to admit the rebuttal vocational

evidence.³  (R. 12.)

## DISCUSSION

Plaintiff contends that under the applicable social security regulations and policy, the ALJ is not authorized to establish a pre-decision deadline for a claimant to file post-hearing vocational evidence.  Plaintiff maintains that Social Security Ruling (SSR) 96-9p governs a claimant's ability to submit rebuttal vocational evidence.  SSR 96-9p provides in pertinent part:

> At the hearings and appeals levels, vocational experts (VEs) are vocational professionals who provide impartial expert opinion during the hearings and appeals process either by testifying or by providing written responses to interrogatories.  A VE may be used before, during, or after a hearing.  Whenever a VE is used, the individual has the right to review and respond to the VE testimony prior to the issuance of a decision.

1996 WL 374185, *9 n.8.  According to Plaintiff, pursuant to SSR 96-9p, the ALJ was required to admit and consider the evidence provided Plaintiff filed it before the ALJ issued his decision.  Defendant argues that relevant decisions in this District and applicable federal regulations permit an ALJ to establish deadlines for the submission of evidence post-

---

³ The ALJ's references to 20 C.F.R. 404.935(b) and 416.1435(b), and HALLEX I-2-7-20 reflect that the ALJ in part applied the "five-day rule" when assessing whether to consider the vocational evidence.  *See* 20 C.F.R. §§ 404.935(a), 416.1435(a).  Under the five-day rule, a claimant must inform Defendant of any evidence the claimant intends to present no later than five business days before the hearing.  The parties disagree whether the rule applies.  Plaintiff argues that it has no applicability to post-hearing vocational evidence and that SSR 96-9p exclusively governs the filing of post-hearing vocational evidence.  Defendant contends the rule applies but that SSR 96-9p essentially confirms that in most instances, rebuttal vocational evidence would be considered by an ALJ as an "unusual, unexpected, or unavoidable circumstance beyond [a claimant's] control [that] prevented [the claimant] from informing [Defendant] about or submitting the evidence earlier" under 20 C.F.R. § 404.953(b).  Because Defendant acknowledges that a claimant ordinarily has the right to respond post-hearing to the vocational evidence presented at the hearing (Defendant's Brief at 4-5, ECF No. 12), and because, as explained below, remand is required regardless of whether an ALJ has the authority to establish a post-hearing deadline for a claimant to file rebuttal vocational evidence, the Court does not need to resolve the parties' dispute regarding the applicability of the five-day rule.

3

hearing.

Plaintiff cites the decision in *Patrick S. v. Saul*, No. 1:18-cv-289-DBH, 2019 WL 3814283 (D. Me. Aug. 14, 2019) (Hornby, J.) in support of her argument. In *Patrick S.*, the court concluded "that under current regulations and rulings the plaintiff has the right to do so up until the administrative law judge's decision issues." 2019 WL 3814283, at *4. The court also noted, "there is no indication … that SSR 96-9p grants [the ALJ] [the] authority [to set a deadline for post-hearing evidence] (given its reference to a right to respond up until the decision's issuance)." *Id*. *4 n.3. Plaintiff argues that the plain language of SSR 96-9p and the court's decision in *Patrick S*. establish that a claimant may file post-hearing vocational evidence at any time before the ALJ issues her or his decision and an ALJ has no authority to set another deadline.

Although the court in a footnote in *Patrick S*. raised the question of whether an ALJ could set a deadline for the filing of post-hearing vocational evidence, because the ALJ had not set a deadline, the court was not required to and did not answer the question.[4] That is, because the court did not have to address the issue, the court in *Patrick S*. did not determine whether an ALJ is authorized to set a deadline for the submission of rebuttal vocational evidence.

Regardless of whether an ALJ has the authority to set a deadline for rebuttal vocational evidence, remand in this case is appropriate. At the conclusion of the hearing,

---

[4] While the ALJ might have relied on the five-day rule in rejecting the evidence, the court observed, "I do not know whether the administrative law judge relied on the five-day rule; if he did, why he did; and why he did not exercise his discretion not to enforce it." *Id*. *4.

Plaintiff's counsel asked for time to file "something" without specifying what counsel intended to file. (R. 81.) In response to the request, the ALJ established a one-week deadline for the post-hearing filing for Plaintiff to file "something." (*Id*.) Whether "something" meant written argument, evidence, or both is unclear from the hearing transcript. In his decision, however, the ALJ described the nature of Plaintiff's request and thus the purpose of the deadline as follows:

> The claimant requested time to file a *post-hearing brief* but failed to do so in the allotted time frame, thus, the record is now closed. At the hearing, the claimant, through her representative, requested additional time to file a *post-hearing brief*. Pursuant to HALLEX I-2-7-20, the undersigned set a one-week deadline for such filing, stating also that if the representative contacted the office before that deadline requesting additional time, it would be granted. The undersigned also stated that if no *brief* was filed in the allotted time, a decision would be made without considering any such *brief* (see hearing record).

(ALJ Decision at 2; R. 12.) (emphasis supplied.)[5]

This case presents the same issue the court addressed in *Katherine L. v. Kijakazi*, No. 2:20-cv-439-JAW, 2022 WL 153272 (D. Me. Jan. 17, 2022), *rec. dec. aff'd*, 2022 WL 523415 (D. Me. Feb. 22. 2022). In vacating the administrative decision because the ALJ did not admit rebuttal vocational evidence because it was filed beyond the deadline set for post-hearing filings, the court reasoned:

> First, assuming *arguendo* that an ALJ may set a deadline for the submission of rebuttal vocational evidence and refuse to consider it if late, the ALJ did not do so here. Even if she meant to allude to the [vocational expert's] affidavit in

---

[5] In Plaintiff's post-hearing filing, Plaintiff's counsel asserted that the filing was made post-hearing because "no one knew, or could have known, the substance of the vocational testimony prior to the hearing." (R. 41.) The ALJ characterized counsel's argument that "he could not anticipate the vocational testimony before the hearing" as "the very basis for the request to file a post-hearing brief." (ALJ Decision at 2 n.1; R. 12.) At the hearing, however, neither Plaintiff's counsel nor the ALJ identified vocational evidence as the potential subject of a post-hearing filing. Both Plaintiff's counsel and the ALJ referred to Plaintiff's intention or ability to file "something." (R. 81.)

stating that the plaintiff's counsel's post-hearing brief was submitted past the applicable August 19, 2019, deadline without explanation and, thus, had been excluded as untimely, briefs are not evidence, and she set deadlines only for the submission of post-hearing briefing and additional medical records.

2022 WL 153272, at *3 (citations and internal quotation marks omitted).

The reasoning of the court in *Katherine L.* is sound. If an ALJ has the authority to set a deadline for the submission of rebuttal vocational evidence that a claimant is authorized by SSR 96-9p to file, and if the consequence of failing to file the evidence by the deadline is exclusion of the evidence allowed by SSR 96-9p, the ALJ must specifically identify the deadline as applying to the submission of evidence rather than to "something" or a brief. Here, the ALJ set a deadline for Plaintiff to file "something," which the ALJ subsequently referenced as a brief. As the court in *Katherine L.* appropriately observed, "briefs are not evidence." *Id*. The declaration of the rebuttal vocational expert is evidence. Under the circumstances of this case, the ALJ erred when he refused to admit and consider the rebuttal vocational evidence. Remand, therefore, is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court vacate the administrative decision and remand the matter for further proceedings.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of September, 2023.