UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PATRICIA H., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|           v. | ) | 1:23-cv-00117-JDL |
| | ) | |
| MARTIN O'MALLEY,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
|     Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Patricia H. brought this action on March 8, 2023, seeking review of the final administrative decision of the Social Security Administration Commissioner denying her application for Disability Insurance Benefits and Supplemental Security Income (ECF No. 1). After hearing, United States Magistrate Judge John C. Nivison recommended that the Court vacate the administrative decision and remand the matter for further proceedings (ECF No. 16), and I adopted that recommendation on October 24, 2023 (ECF No. 17). The Plaintiff now moves (ECF No. 19) for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.A. § 2412 (West 2024). The Commissioner opposes the award (ECF No. 20). For the reasons that follow, I find that the Plaintiff is entitled to a fee award, but for an amount less than the Plaintiff seeks.

---

[1] Martin O'Malley is now the Commissioner of the Social Security Administration. He is therefore substituted as a party in this case. *See* Fed. R. Civ. P. 25(d); 42 U.S.C.A. § 405(g) (West 2024).

1

## I.  BACKGROUND

This case has an extensive administrative and judicial procedural history. I recount only the procedural history central to the parties' arguments as to EAJA attorney's fees.

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income in February 2016, which was denied. After other hearings and proceedings, an administrative law judge ("ALJ") held a hearing on Plaintiff's case on November 18, 2021. At the conclusion, Plaintiff's representative requested one week to file "something" after the hearing. ECF No. 6-2 at 82. The ALJ agreed and indicated that he would not consider anything submitted after the deadline, absent a showing of good cause. Nearly one month later, Plaintiff's representative submitted a vocational expert affidavit that rebutted testimony presented at the hearing. The ALJ refused to consider the affidavit, explaining that "[t]he claimant requested time to file a post-hearing brief but failed to do so in the allotted time frame." ECF No. 6-2 at 13. The ALJ determined that the Plaintiff was not disabled. After the Appeals Council denied her request for review, the Plaintiff sought judicial review in this action.

Plaintiff argued that this Court should vacate and remand the case because the Social Security Administration's policies require ALJs to consider vocational expert rebuttal evidence submitted post-hearing.[2] The Commissioner opposed remand, arguing that the ALJ had the authority to impose and enforce a deadline for

---

[2] The Plaintiff raised an additional argument in her briefing, but she subsequently waived that issue at oral argument before the Magistrate Judge.

such evidence. The Magistrate Judge concluded that the ALJ's deadline was too vague to justify excluding Plaintiff's rebuttal evidence. Accordingly, he recommended that I remand the case, which I ordered on October 24, 2023.

## II. DISCUSSION

Patricia H. seeks attorney's fees under the EAJA, 28 U.S.C.A. § 2412(d)(1)(A), which provides in part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was *substantially justified* or that *special circumstances make an award unjust.*

(emphasis added). Thus, the Court will not award EAJA attorney's fees to a prevailing party if the government's position was substantially justified or if special circumstances make an award unjust. Here, the Commissioner argues that (1) EAJA attorney's fees are inappropriate because the government's litigation position was substantially justified, (2) special circumstances exist that justify denying attorney's fees, and (3) the amount of the award the Plaintiff seeks is unreasonable.

### A.   Substantial Justification

To determine whether the government's position was substantially justified, courts scrutinize "both the prelitigation actions or inaction of the agency on which the litigation is based and the litigation position of the United States." *Schock v. United States*, 254 F.3d 1, 5 (1st Cir. 2001). The government must show, by a preponderance, that its position was substantially justified. *Castañeda-Castillo v. Holder*, 723 F.3d 48, 73 (1st Cir. 2013). For the government's position to be substantially justified, it

3

must have a "reasonable basis in law and fact." *Michel v. Mayorkas*, 68 F.4th 74, 78 (1st Cir. 2023) (quoting *Aronov v. Napolitano*, 562 F.3d 84, 94 (1st Cir. 2009)). Thus, the position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A string of court decisions either agreeing or disagreeing with the government's position may indicate whether a position was substantially justified. *Schock*, 254 F.3d at 6.

Here, the Commissioner argues that the ALJ's actions and the Commissioner's defense of those actions "were based on a reasonable interpretation of the facts and law." ECF No. 20 at 5. The Commissioner points specifically to *Phillip W. v. Saul*, where I concluded the government was substantially justified in defending an ALJ's exclusion of rebuttal evidence submitted post-hearing. No. 2:19-cv-00258-JDL, 2020 WL 7647472, at *3 (D. Me. Dec. 23, 2020). Although Plaintiff emphasizes that the government has lost and paid fees in several cases where ALJs excluded post-hearing rebuttal evidence, the Commissioner argues that those cases are distinguishable from the facts here. The Commissioner further argues that his position was substantially justified here because there was a clear understanding that the Plaintiff could not submit "anything" after the one-week deadline, the Commissioner's position had factual and legal support, and there is still "unresolved tension" about whether ALJs have the authority to set such deadlines. ECF No. 20 at 7-8. Plaintiff maintains that the ALJ's actions and the Commissioner's litigation position were contrary to the established policies and regulations of the Social Security Administration.

The Commissioner's reliance on *Phillip W.* is overstated. There, the ALJ had articulated express guidance about the manner in which the Plaintiff was required

4

to present vocational expert rebuttal evidence: "The ALJ did not categorically refuse to consider the Plaintiff's rebuttal testimony. Instead, he set guidelines for the Plaintiff to respond to the Commissioner's [vocational expert] evidence, and excluded the rebuttal affidavit because it failed to comply with those guidelines." 2020 WL 7647472, at *3. Here, in contrast, the ALJ set a nebulous deadline for the Plaintiff to file "something," after which he categorically refused to consider the Plaintiff's rebuttal evidence absent a showing of good cause. The ALJ also explained that "[t]he claimant requested time to file a post-hearing brief," ECF No. 6-2 at 13, evincing further ambiguity in the record about whether the deadline encompassed the submission of vocational expert rebuttal evidence.

Two more recent cases in this District also put the government on notice that, in the absence of an explicit and unambiguous deadline addressing post-hearing submissions of vocational expert rebuttal evidence, the exclusion of a claimant's rebuttal evidence by the ALJ will result in a remand.[3] *See Katherine L. v. Kijakazi*, No. 2:20-CV-00439-JAW, 2022 WL 153272, at *2-3 (D. Me. Jan. 17, 2022) (rec. dec.) (finding remand warranted where ALJ excluded rebuttal evidence after setting deadlines for "post-hearing brief" and "missing records"), *aff'd*, 2022 WL 523415 (D. Me. Feb. 22, 2022); *Joseph C. v. Kijakazi*, No. 2:20-CV-00354-NT, 2022 WL 153252, at *4 (D. Me. Jan. 17, 2022) (rec. dec.) (finding remand warranted where ALJ excluded

---

[3] The Commissioner correctly observes that the ALJ here did not have the "benefit of this Court's guidance that ALJs must explicitly state whether post-hearing deadlines apply to vocational rebuttal evidence" when he decided this case. ECF No. 20 at 7 n.2. Although this observation is relevant to evaluating the reasonableness of the ALJ's prelitigation actions, the timing of the *Katherine L.* and *Joseph C.* decisions cuts against the Commissioner's argument as to the subsequent litigation: The Commissioner was aware of this Court's guidance when he defended the unclear deadline.

rebuttal evidence after setting deadline for "post-hearing brief"), *aff'd*, 2022 WL 313888 (D. Me. Feb. 2, 2022).

In this case, because there was no explicit deadline established for the submission of post-hearing vocational expert evidence, the Commissioner's position—defending in this litigation the ALJ's nebulous deadline to submit "something"—was not substantially justified for purposes of the EAJA.

**B.     Special Circumstances**

Even where the government's position was not substantially justified, an award of attorney's fees may be inappropriate if special circumstances make an award unjust. 28 U.S.C.A. § 2412(d)(1)(A). Special circumstances may bar EAJA awards where "the petitioning party has engaged in bad faith behavior and equitable considerations ('unclean hands') indicate an award would be unjust." *Diamond Sawblades Mfrs. Coal. v. United States*, 816 F. Supp. 2d 1342, 1359 (Ct. Int'l Trade 2012). Analogizing to First Circuit caselaw applying a different fee-shifting statute, the district court in *Rodrigues v. Colvin* reasoned that special circumstances may preclude an EAJA award where there is "outrageous or inexcusable conduct on the part of the plaintiff or its counsel during litigation," or if the awarding of attorney's fees would result in an "unjust hardship." No. CV 13-30207-MGM, 2015 WL 6157909, at *2 (D. Mass. Oct. 20, 2015) (internal quotation marks omitted). Special circumstances should be strictly construed. *Id*.

The Commissioner argues that special circumstances justify denying EAJA attorney's fees here because the Plaintiff created this situation—either unreasonably or intentionally—by ambiguously asking for time to file "something" after the

hearing. The Commissioner further argues that the Plaintiff's attorneys have a pattern of submitting late vocational expert evidence without good cause, as seen in multiple other cases. Plaintiff responds that special circumstances do not preclude an award here because counsel acted in good faith, ALJs do not have the authority to set such deadlines, and even if they did, there was no written notice to the Plaintiff.

Special circumstances are interpreted narrowly, and I conclude that the Commissioner has not proven them here. The Commissioner contends that the Plaintiff's attorneys intentionally manufactured the situation presented here, but the record does not support such a finding in this case, whether it is viewed in isolation or in tandem with other cases. Because the record does not support a finding of bad faith or outrageous or inexcusable conduct by Plaintiff's counsel in this case, the Commissioner has not shown special circumstances that would make an EAJA award "unjust."

## C.  Reasonableness of Fees

Plaintiff seeks EAJA attorney's fees for fifty hours expended on this case.[4] The Commissioner argues that, even if the Court concludes an award is warranted here, Plaintiff's request is unreasonable and should be reduced to no more than $5,750 because counsel's filings relied heavily on briefs filed in other cases, counsel billed for an argument that the Plaintiff ultimately waived, and counsel's use of "block billing"—grouping multiple tasks into a single time entry—makes it difficult to

---

[4] Counsel emphasizes that, although he logged 51.9 hours working on this case, he originally sought fees for only 46 hours. Counsel now seeks fees for 50 hours, which includes briefing related to the EAJA motion. Counsel seeks a total EAJA attorney's fee award of $11,500.

determine how much time counsel spent on waived and duplicative issues.[5] Plaintiff argues that the hours expended in the case were necessary and reasonable—as evidenced by counsel's successful results—in light of the voluminous record in this case, the fact that lead counsel did not represent Plaintiff at the administrative level, and the full litigation of this appeal, including oral argument.

Plaintiffs bear the burden of proving the reasonableness of hours expended. *See Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 340 (1st Cir. 2008). Here, portions of the Plaintiff's brief were largely identical—including typos—to a brief for which her counsel had received fees in another case. Although it can be appropriate to draw from prior written work, and counsel expended fewer hours on the brief in this case than the other case, the similarities in the briefs are relevant to evaluating the reasonableness of counsel's requested fee. Plaintiff's counsel is correct that he is entitled to an award for at least some of the hours spent on the waived issue, as attorneys often must research arguments that they may ultimately waive for strategic reasons. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters."). Further, I conclude that Plaintiff's counsel's time entries are not grouped in a manner that makes it unreasonably difficult to evaluate time spent on particular aspects of the case. Overall, I conclude that the number of hours for which Plaintiff's counsel is compensated should be reduced by

---

[5] The $5,750 award that the Commissioner suggests reflects compensation for 25 hours of work by Plaintiff's counsel.

six hours. As a result, Plaintiff is entitled to attorney's fees of $10,120 (equal to compensation for forty-four hours), plus $402 in costs. The total EAJA award is $10,522. Because the Plaintiff has substantially prevailed on her attorney's fee request, I decline to further reduce the fee award for the time expended in connection with that issue.

### III. CONCLUSION

It is therefore **ORDERED** that the Plaintiff's Motion for Attorney's Fees (ECF No. 19) is **GRANTED IN PART** and **DENIED IN PART**. The Plaintiff is awarded $10,522.

**SO ORDERED.**

**Dated: April 19, 2024**

                                                **/s/ JON D. LEVY**
                                                **U.S. DISTRICT JUDGE**